UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of

Arini Credit Master Fund Limited and
Tresidor Europe Credit Limited,

Petitioners, for an Order Pursuant to 28 U.S.C. § 1782
to Conduct Discovery for Use in a Foreign Proceeding

Case No. ____________

**APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**
**TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

1. Petitioners Arini Credit Master Fund Limited and Tresidor Europe Credit Limited ("Petitioners") respectfully request an order in the form attached hereto permitting Petitioners to obtain limited discovery under 28 U.S.C. § 1782 ("Section 1782") in connection with a forthcoming foreign proceeding in England (the "English Proceeding"), to which Petitioners will be parties. In support of its application, Petitioners submit a memorandum of law and the declarations of Fiona Huntriss and Joshua A. Naftalis. Petitioners further state as follows:

2. Petitioners seek the assistance of this Court to obtain discovery from HPS Investment Partners LLC, Authentic Brands Group LLC, Moelis & Company, and Lazard Inc. (together, "Respondents"), who are each "found" for purposes of Section 1782 in this District.

3. Petitioners' tailored discovery requests to Respondents are set forth in the proposed subpoenas (the "Subpoenas") attached as Exhibit A through D to the Declaration of Joshua A. Naftalis and relate to transactions involving Aston Martin Lagonda Global Holdings plc in which Respondents played critical roles and that will be the subject of the English Proceeding. As set forth in the accompanying memorandum of law and declarations, discovery from Respondents is likely to be relevant to the English Proceedings.

4. Section 1782 permits litigants in foreign proceedings to obtain discovery in the United States to assist in the foreign litigation. In particular, Section 1782 states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

5. The statutory requirements of Section 1782 are satisfied here. As explained in the accompanying memorandum of law and declarations, (a) Respondents are "found" in this District because they are headquartered in New York, New York; (b) the discovery sought is to be used in the English Proceeding, which is in reasonable contemplation; and (c) Petitioners are each an "interested person" in those proceedings.

6. This application also meets the discretionary factors of Section 1782, as explained further in the accompanying memorandum of law: (a) Respondents will not be parties to the English Proceeding; (b) English courts are receptive to judicial assistance from a U.S. court under Section 1782; (c) Petitioners are not attempting to circumvent foreign proof-gathering restrictions; and (d) the discovery sought is not unduly intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

7. Petitioners thus respectfully request that this Court grant its application for an Order granting Petitioners leave to the Subpoenas on Respondents.

WHEREFORE, Petitioners respectfully request that this Court enter an Order:

1. Directing Respondents to each file any opposition to the Application within 14 days of service of the Application;

2. Directing Petitioners to file any reply in support of the Application within seven days of Respondents' oppositions, if any;

3. Absent a timely opposition filed by each Respondent, granting the Application as to each non-objecting Respondent and allowing Petitioners to serve the appropriate Subpoena on each such Respondents;

4. Directing Respondents to each produce the requested documents within 30 days of service of the Subpoenas, or such other date as agreed between the parties, and in conformity with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York;

5. Directing Respondents to each appear for depositions in compliance with the Subpoenas on a mutually agreeable date within a reasonable time after Respondents confirm the final production of documents in response to the Subpoenas; and

6. Directing Respondents to each preserve all documents, electronic or otherwise, and any evidence in their possession, custody, or control that contain information potentially relevant to the subject matter of the English Proceeding.

Dated: August 24, 2026
New York, New York

Respectfully submitted,

PALLAS PARTNERS (US) LLP

By: /s/ Joshua A. Naftalis

Joshua A. Naftalis
Anastasia Cembrovska
John McAdams
Adair Kleinpeter-Ross
75 Rockefeller Plaza
New York, New York 10019
(212) 970-2300
joshua.naftalis@pallasllp.com
anastasia.cembrovska@pallasllp.com
john.mcadams@pallasllp.com
adair.kleinpeter-ross@pallasllp.com

*Attorneys for Petitioners*